ing building permits or licenses to perform electrical and plumbing work. A city acts in an administrative capacity when it grants or denies permits and licenses. *James v. City of Jennings,* 735 S.W.2d 188, 190 (Mo.App.1987). A jurisdictional prerequisite to judicial review of an administrative action is that a plaintiff exhaust his administrative remedies. *Glencoe Lime & Cement Co. v. City of St. Louis,* 341 Mo. 689, 108 S.W.2d 143, 144 (1937); *James v. City of Jennings, supra.* We can only speculate as to whether Fewin has exhausted his administrative remedies. Without the procedural ordinances before the court, we have no adequate record upon which to base our review. *City of Jennings v. Turner,* 585 S.W.2d 210, 212 (Mo.App. 1979). Consequently, the appeal is dismissed.

CROW, P.J., and GREENE, J., concur.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

### ORDER

**PER CURIAM.**

Movant pled guilty to murder second degree and armed criminal action. He was sentenced to concurrent sentences of life imprisonment and ten years, respectively. Movant filed a Rule 27.26 motion[1] alleging ineffective assistance of counsel which rendered his guilty plea involuntary. His motion was denied without an evidentiary hearing.

We have reviewed the record and find that the judgment of the trial court is based on findings of fact that are not clearly erroneous. No error of law appears. An extended opinion would have no precedential value. The judgment is affirmed. Rule 84.16(b).

---

**Anthony Earl SHANKS, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 55407.

Missouri Court of Appeals,
Eastern District,
Division One.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 13, 1989.

Application to Transfer Denied
May 16, 1989.

Ilene A. Goodman, St. Louis, for movant.

**ASHLAND OIL, INC.,**
**Plaintiff–Respondent,**

v.

**Robert T. TUCKER,**
**Defendant–Appellant.**

No. 54557.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 12, 1989.

Application to Transfer Denied
May 16, 1989.

1. Rule 27.26 was repealed effective January 1, 1988, and was replaced by Rule 24.035. However, under the schedule provided in subsection (*l*) of Rule 24.035, any post-conviction action filed before January 1, 1988, under Rule 27.26 "shall continue to be governed by the provisions of Rule 27.26 in effect on the date the motion was filed."